# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JENNIFER R. COKER,

     Plaintiff,

     v.

C. R. BARD, INC., and BARD
PERIPHERAL VASCULAR, INC.,

     Defendants.

Civil Action No.
1:13-CV-00515-TWT

**Pretrial Conference Requested
Pursuant to LR 16.4**

## JOINT PROPOSED PRETRIAL ORDER

1.

There are no motions or other matters pending for consideration by the court except as noted:

Contemporaneous with the filing of this Pretrial Order, the parties filed a Motion for Leave to File Pretrial Order, for Status Conference and Motion for Special Trial Setting.

The parties intend to file motions in limine, and request that the Court set a deadline for the parties to meet and confer about the issues, and then a briefing schedule for motions regarding any issues about which the parties do not agree.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

Discovery is complete.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non joinder of any parties. As the Court confirmed in its Order on Defendants' Motion for Summary Judgment in the case, Plaintiff Joel Coker withdrew his loss of consortium claim.  (Doc. 105 at 10).  Consequently, the only Plaintiff in this case is Jennifer Coker.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

The parties agree that the court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. § 1332 because this dispute is between citizens of

different states and the amount in controversy exceeds $75,000.00. Plaintiff Jennifer Coker is a citizen and resident of the State of Georgia. Defendant C. R. Bard, Inc. is a citizen of New Jersey, and Defendant Bard Peripheral Vascular, Inc. is a citizen of Arizona. The parties note that this case was remanded from *In re Bard IVC Filters Products Liability Litigation*, MDL 2641, then pending in the District of Arizona. Prior to remanding this case, the MDL Court tried three bellwether cases, including two cases applying Georgia law: *Booker v. C. R. Bard, Inc., et al.*, MD-15-02641-PHX-DGC and *Jones v. C. R. Bard, Inc., et al.* MD-15-02641-PHX-DGC. (Plaintiff's counsel notes that neither of those cases involved the particular Bard IVC filter involved in this case (the Recovery filter).) The original MDL remand order case was entered on this Court's docket on July 8, 2019.  [ECF No. 74, Exhibit A.]

5.

The following attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Wayne Grant, Grant Law Office, Monarch Tower, Suite 2200, 3424 Peachtree Road, NE, Atlanta, GA 30326.

Defendants:  Richard North, Nelson Mullins Riley & Scarborough LLP, 201 17th Street NW, Suite 1700, Atlanta, GA 30363.

Other Parties: (specify):  None.

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

The Parties agree that Plaintiff is entitled to open and close arguments to the jury.

7.

The captioned case shall be tried (X) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

Defendants request that the trial be bifurcated pursuant to O.C.G.A. § 51-12-51.1(d).

For clarification only, Plaintiff requests that the jury decide liability, amount of compensatory damages, and liability for punitive damages in the first phase, and the amount of punitive damages in the second phase.

9.

Attached hereto as Attachment "A" is a jury questionnaire that the Parties request the jury panel answer.  It contains both questions regarding qualifications to serve and specific questions regarding the claims.  The Parties believe that utilizing this questionnaire will significantly expedite the jury selection process.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

Should the Court not utilize the attached jury questionnaire, or a similar questionnaire, the Parties will submit their proposed voir dire questions, designated as Attachments B-1 for Plaintiff and B-2 for Defendants, as directed by the Court.

11.

State any objections to plaintiff's voir dire questions:

> *See* Paragraph 10, *supra*.

State any objections to defendant's voir dire questions:

> *See* Paragraph 10, *supra*.

State any objections to the voir dire questions of the other parties, if any:

> N/A

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

Plaintiff requests a jury of six with two alternates.

Defendants request a jury of not less than 10 members and that all deliberate pursuant to Fed.R.Civ.P. 48(a).

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

This case was remanded from the *In re Bard IVC Filters Products Liability Litigation*, MDL 2641, and while many of those cases have been resolved, there are numerous other remanded cases involving Bard's IVC filters pending in other state and federal courts across the country. Several of the remanded cases were tried to verdict in 2021.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a

recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

### 15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

### 16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**By Plaintiff:**

- **Strict Liability – Design Defect:**  Whether the Recovery® filter that was implanted in Jennifer Coker had a defective design.

- **Strict Liability – Failure to Warn:** Whether Defendants failed to adequately warn of the potential dangers arising out of the use of the Recovery® filter that it knew were reasonably foreseeable.

- **Negligent Design:** Whether Defendants negligently designed the Recovery® filter.

- **Negligent Failure to Warn:**  Whether Defendants were negligent in the warning provided to Jennifer Coker's doctors about the risks of the Recovery® filter.

- **Negligent Failure to Initiate a Recall**: Whether Defendants were negligent in failing to initiate a recall of the Recovery® filter.

- **Proximate Cause**: Whether the design of the filter or the conduct of Defendants proximately caused or contributed to cause Jennifer Coker's injuries.

- **Special Damages:** The amount of special damages that Jennifer Coker

is entitles to recover for her injuries, including past and future medical bills, and costs of care.

- **Non-Economic Damages**: The amount of non-economic damages Jennifer Coker is entitled to recover including interference with normal living, interference with enjoyment of life, loss of capacity to labor and earn money, impairment of bodily health and vigor, fear of extent of injury, shock of impact, actual pain and suffering (past and future), mental anguish (past and future), and the extent to which the Plaintiff must limit activities.

- **Punitive Damages:** Whether punitive damages should be imposed against Defendants to deter them from further wrongful conduct in the future and, if so, the amount of those damages.

**By Defendants**: Count I strict liability design defect, Count VII negligent design, Count III strict liability failure to warn, Count VIII negligent failure to warn, and Plaintiff's claim for punitive damages. (Doc. 105 at 17, 20, 22).  The learned intermediary doctrine applies to Plaintiff's failure to warn claims.

Defendants note that there is no separate duty to recall, or a failure to recall claim, under Georgia law. *Ford Motor Co. v. Reese*, 300 Ga. App. 82, 684 S.E. 2d 279 (2009). Defendants incorporate their trial brief Exhibit H-2 on this issue.

Defendants further note that as to the determination of liability for punitive damages, the only question that the jury should be asked to determine in the first phase is whether they find by clear and convincing evidence that punitive damages should be awarded.

**Plaintiff's Note**: Although the learned intermediary doctrine may apply, Plaintiff contends that at the time the filter was implanted in her, Defendants were aware of product defects including the increased and higher risk of tilt, fracture, migration, and death associated with its filter compared to other filters on the market which were not communicated to her medical providers. Had Defendants adequately warned Plaintiff's healthcare providers of the risks associated with the filter, the healthcare providers acting as reasonably prudent healthcare providers would not have elected to use this particular filter to help prevent blood clots from traveling to her heart or lungs.

Regarding the failure to initiate a recall claim, contrary to Defendants' assertion, that is a valid claim under Georgia law. *Mack Trucks v. Conkle*, 263 Ga. 539, 540-541 ("[D]efendant] is liable on the basis of its 'negligent failure to recall

or warn," . . . a negligence theory of product liability recognized under O.C.G.A. § 51-1-11(c)."). Your Honor recognized that fact in his decisions in *In re Stand 'n Seal, Products Liability Litigation*, 2009 WL 2145911 (N.D.Ga. July 15, 2009) and 2009 WL 3150417 (N.D. Ga. September 28, 2009).

Defendants have not produced their Trial Brief on this issue therefore Plaintiff is not able to respond herein.

## 18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert,

impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

Defendants propose that the parties provide opposing counsel with the names of witnesses to be called and list of the exhibits to be introduced with the witness at least 24-48 hours in advance of the witness being called to testify live, by remote access or via deposition.  Bard and Plaintiffs' counsel in MDL trials and in the remanded IVC filter cases tried in 2021 agreed to advance notice and it promoted efficiency and helped to prevent unnecessary delays in the trials. The parties agreed to 24 hours in the MDL and either 24 or 48 hours' notice was provided in remanded cases tried in 2021.   Bard specifically requests an Order governing the parties.

Plaintiff is willing to try to provide 24 hours advance notification of witnesses expected to testify at trial, but given the fluidity of trial, witness availability, and the ongoing COVID pandemic, variants, testing results, quarantine requirements, and flight availability, that may not always be possible.

Plaintiff objects to identifying a list of exhibits to be introduced with each witness on the grounds that that would violate the attorney work product privilege.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

The parties agree to exchange all exhibits (except demonstrative exhibits) 7 business days before the start of the trial.

The parties agree that each party may add up to, but no more than, 25 exhibits to their exhibit list with notice at least 24 hours before the exhibit is to be tendered into evidence. All objections, except as to the timing of the exhibit are reserved.

The parties reserve their objections to demonstrative exhibits and agree to exchange any demonstrative exhibit before it is used at trial so that the opposing party

has the opportunity to object. Defendants propose that the exchange take place 24 hours before a demonstrative exhibit is used. Plaintiff proposes 12 hours.

The parties stipulate that Plaintiff's medical records and bills are authentic and satisfy the business records exception, but reserve all other available objections.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

The Parties propose and request a status conference to address deposition designations and the most efficient process to present them to the Court for rulings

because most of the depositions were taken during the MDL. The Parties anticipate that the Court's rulings on the motions *in limine* will substantially reduce the Court's need to review and rule on many of the deposition designations.

Defendants further request that no later than 36 hours before a witness is called and the video is played in Court, the party calling the witness provides opposing counsel for final review and approval (1) the final transcript of the deposition to be played, (2) the exhibits the party intends to introduce through the deposition testimony, and (3) the final edited video of the deposition to be played. no.  In the IVC filter cases tried in 2021 this procedure was followed, and it prevented delays and mistakes in the videos.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

The Parties request 45 minutes for opening statements and 1 hour for closing for each side.  This is a complicated case involving a medical device which the parties anticipate will take 8-10 trial days to try, and there will be an unusually large number of expert witnesses to discuss during closing argument.  The parties need time to explain the anatomy involved and the device.  The additional time in closing is necessary to address the numerous claims and extensive evidence anticipated to be introduced at trial.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

N/A.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person in 2015 to discuss in good faith the possibility of

settlement of this case. The court (     ) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:

> (_____) A good possibility of settlement.
> (_____) Some possibility of settlement.
> (_X__) Little possibility of settlement.
> (_____) No possibility of settlement.

Plaintiff's counsel cannot fill in a date as we have not met in person to discuss the possibility of settlement of this case since sometime in 2015.

The plaintiff's counsel's statement on this issue is misleading. One of the plaintiff's counsel of record is Ramon Lopez, and the plaintiff's counsel has recently affirmed that he remains counsel for the plaintiff. Mr. Lopez has been engaged in frequent substantive settlement discussions with Bard's settlement counsel about his cases since 2018 (with many discussions occurring in person), and has in fact settled the vast majority of cases in which he is involved.  It is disingenuous for the plaintiff's counsel to now suggest that they have "not met in person to discuss the possibility of settlement".

Defendants' statement is inaccurate. As set forth in section 5 of this Pretrial Order, *Wayne Grant* is lead Plaintiff's counsel and he has not met in person with Defendants and persons possessing settlement authority to discuss in good faith the possibility of settlement of this case pursuant to L.R. 16.3 since 2015, long before the

Court denied Defendants' Motion for Summary Judgment. Further, although Mr. Lopez may have had discussions regarding potential global settlements with Defendants of other cases his firm is handling along with the Coker matter, there have been no substantive demands or offers between the parties specifically regarding the Coker matter since 2015. Defendants' counsel certainly has not treated Mr. Lopez as lead counsel in this case as they only restarted copying him on e-mail communications *after* the parties started exchanging portions of the Pretrial Order.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

As set forth in the Motion for Leave to File Pretrial Order, for Status Conference and Motion for Special Trial Setting, the parties request a special setting of the trial of this case.

28.

The plaintiff estimates that it will require approximately 3-4 days to present its evidence. The defendants estimate that it will require approximately 4-5 days to present their evidence. It is estimated that the total trial time is approximately 8-10 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____ 2021.


_____
THOMAS W. THRASH, JR.
United States District Judge

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

<table>
<tr><td>

*/s/ Wayne Grant*
Wayne Grant, Esq.
Georgia Bar No. 305550
GRANT LAW OFFICE
Kimberly W. Grant
Georgia Bar No. 591510
Monarch Tower, Suite 2200
3424 Peachtree Road, NE
Atlanta, GA 30326
Telephone: (404) 995-3955
Facsimile: (404) 465-3636
wgrant@waynegrant.com
kgrant@waynegrant.com

*Counsel for Plaintiff*

</td><td>

*/s/ Richard B. North, Jr.*
Richard B. North, Esq.
Georgia Bar No. 545599
Elizabeth C. Helm
Georgia Bar No. 289930
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
richard.north@nelsonmullins.com
kate.helm@nelsonmullins.com

*Counsel for C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

</td></tr>
</table>

*/s/ Willard T. Bullock*
Willard T. Bullock, Esq.
Georgia Bar No. 094598
BULLOCK LAW FIRM, P.C.
Monarch Tower, Suite 2200
3424 Peachtree Road, NE
Atlanta, GA 30326
Telephone: (404) 913-8383
Facsimile: (404) 465-3636
wbullock@bullocklawfirmpc.com

*Counsel for Plaintiff*

*/s/ Ramon R. Lopez*
Ramon R. Lopez, Esq.
LOPEX MCHUGH LLP
120 Vantis Drive, Suite 430
Aliso Viejo, CA 92656
Telephone: (949) 737-1501
Facsimile: (949) 737-1504
rlopez@lopezmchugh.com

*Counsel for Plaintiff*