**ATTACHMENT B-2**

**DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS**

Good Morning, Ladies and Gentlemen:

1. We are about to select a jury in the case of Jennifer Coker v. C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. This is a product liability case. Plaintiff Jennifer Coker is suing Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc., which I will refer to collectively as "Bard." Bard is a manufacturer of a prescription medical device, an inferior vena cava – or "IVC" – filter, which is implanted into the large vein leading to the patient's heart to prevent blood clots from reaching the lungs or heart. Plaintiff claims that the IVC filter was defective and caused injuries. Bard claims that the IVC filter was not defective, and that its benefits outweighed its risks.

2. We estimate that the trial will take 10 days.

3. Do you know anything about this case, through personal knowledge, discussion with anyone, the news media, or any other source?

4. Do you know Jennifer Coker or anyone you think may be related to her?

5. Are you familiar with or know anyone who works for a company called C. R. Bard, Inc. or a company called Bard Peripheral Vascular, Inc.?

6. Plaintiff Jennifer Coke is represented by Wayne Grant and Kimberly Grant of Grant Law Office in Atlanta, and Ramon Lopez of Lopez McHugh, LLP in Newport Beach, California. Defendant Bard is represented by Richard North and Kate Helm, of the law firm of Nelson Mullins Riley & Scarborough LLP in Atlanta, and their partner, Jim Rogers from Columbia, South Carolina. Do you know the attorneys involved in this case or any other attorney or employee in their law firms?

7. Do you know the attorneys involved in this case or any other attorney or employee in their law firms?

8. Please look around the room at your fellow prospective jurors. Do any of you know each another?

9. Do you, or to your knowledge, does anyone close to you, know any of the potential participants in this trial (See Exhibit A – to be provided before jury selection)?

10. For each juror:

    (a) What is your occupation?

      (b)      By whom are you employed (if employed)?

      (c)      Is your partner or significant other employed? If so, what is your partner's occupation, and who is your partner's employer?

      (d)      Please tell us the ages and occupations (if any) of your children and step-children.

11. How have your views of pharmaceutical companies or medical device companies been affected by the pandemic?

12. How do you feel about companies that shifted production to necessary medical devices, such as ventilators, or to PPE, but also generated a profit from those efforts?

13. How have you been affected by any company layoffs or furloughs?

14. What is your opinion of the job the U.S. Centers for Disease Control and Prevention does in keeping the public informed and safe from hazards?

15. Has any member of the panel served on a jury in the past? If so,

      (a)      Were any of you the foreperson?
      (b)      What type of case was it?
      (c)      Did it involve a claim for personal injury?
      (d)      Were you able to return a verdict?

16. Do you have any natural biases or prejudices either for or against the plaintiffs or defendants?

17. Is there any anything you think might affect your ability to be fair and impartial to both sides of a case alleging a product defect against a medical device manufacturer?

18. As mentioned, this case involves IVC filters, which are medical devices that are implanted into the large vein leading to the patient's heart to prevent blood clots from reaching the lungs or heart. Is there anything about this subject matter that causes you to believe that you could not consider the evidence fairly, impartially, and according to the instructions provided by the Court?

19. Are any of you familiar with a medical device called an "inferior vena cava filter"? How so?

20. Has anyone ever heard or read anything (on television, in the media, from family or friends) about IVC filters?

21. Has anyone ever heard or read anything about lawsuits involving any medical devices, including IVC filters?

  (a) If so, would that make it difficult for you to serve as a fair and impartial juror in this case?

22. Have you heard or read anything about lawsuits involving any medical devices relating to C. R. Bard, Inc. or Bard Peripheral Vascular, Inc.? If so, what was the product?

23. C. R. Bard is an organization with its headquarters in New Jersey, and Bard Peripheral Vascular is an organization with its headquarters in Arizona. Does every member of the panel agree that businesses are entitled to the same fair treatment in a court of law that is received by individual parties such as Jennifer Coker?

24. Does any member of the panel have any strong feelings positive or negative about medical device or drug manufacturers? If so, please describe.

25. Does any member of the panel have any strong feelings positive or negative about personal injury lawsuits? If so, please describe.

26. Does any member of the panel have any strong feelings positive or negative about personal injury lawyers? If so, please describe.

27. From what you have heard or read, does any member of the panel think money damages from recent lawsuits have generally been too high? Too low?

28. Do you or a close family member have training or experience in any of the following areas?

  (a) Engineering

  (b) Medicine/Healthcare

  (c) Medical Devices

  (d) Pharmaceuticals

  (e) Product Development/Manufacturing

  (f) FDA/Government Standards or Regulations

  (g) Law

  (h) Clinical Trials

29. Have you or any close family member ever been employed by:

  (a) By a drug company?
  (b) By a medical device company?
  (c) By FDA?
  (d) By a law firm?

   (e) By a Physician, hospital, or healthcare provider or service?
   (f) By a company involved in human clinical studies?

30. Have you served in the military? If so, describe the nature of your service and your rank.

31. Do you have any familiarity with a metal alloy called Nitinol? If so, please explain.

32. Have you or a loved one ever been injured by the treatment received from a medical professional? If so, please describe what happened.

33. Have you or anyone close to you ever had any medical device implanted?

34. Has any member of the panel, your relatives or anyone you personally know ever had an IVC filter implanted?

35. Does any member of the panel know anyone who had a particularly positive or negative experience with an IVC filter? What happened?

36. If any member of the panel, or a family member or someone close to you, had a negative experience with any type of medical device or prescription drug, would that experience make it difficult for you to serve as a fair and impartial juror in this case?

37. Has any member of the panel, your relatives or anyone close to you ever been diagnosed with Blood Clots, Deep Vein Thrombosis (DVT), or Pulmonary Embolism (PE)?

38. Have you or anyone close to you been prescribed or taken anti-coagulation medication – also known as "blood thinners" – such as Coumadin, Warfarin, Xarelto, or Lovenox?

39. Do you know anyone who has died from blood clots or pulmonary emboli?

40. Have you or anyone close to you ever suffered a long-term or permanent injury or disability?

41. Have you, or has a family member or someone close to you, ever had bariatric surgery to lose weight?

42. Have you ever participated in a pharmaceutical or medical device clinical trial? If so, please explain?

43. You may hear evidence in this case about how some medical device manufacturers and independent researchers do testing of devices on animals; do any of you have strong opinions about animal testing?

44. Do you think that medical device manufacturers and drug companies do not try hard enough to develop the very best products as quickly as they can because they are more interested in making money than helping patients?

45. All medical devices in this country are regulated by the Food & Drug Administration (FDA). Does any member of the panel have any knowledge about the FDA, its rules and procedures, or its governance of medical devices?

46. Does any member of the panel have strong views – favorable or unfavorable – about the FDA or its oversight of medical products?

47. Has your confidence in the FDA increased, decreased, or stayed about the same in recent years? If your confidence has increased, please raise your hand. If it has decreased, please raise your hand. If it has stayed the same, please raise your hand.

48. Do you believe that prescription drugs can be 100% safe?

49. Do you believe that medical devices can be 100% safe?

50. Is there any member of the panel who believes that a medical device is defective simply because the device breaks or fails?

51. Is there anyone who thinks that, just because someone is injured, the person who is hurt should receive compensation?

52. Plaintiff Jennifer Coker is asking for money damages. Is there any member of the panel who feels that Ms. Coker is automatically entitled to receive damages solely by virtue of the fact that Ms. Coker sustained an injury and is asking for a large sum of money?

53. Under the law, you must afford a corporation with treatment equal to the treatment afforded an individual party. Are you able to afford the corporate defendants with the same fair and conscientious consideration you afford any individual party?

54. Have you or any member of your immediate family ever made a claim for personal injury against some individual, company or corporation, regardless of whether or not a lawyer was retained, or a lawsuit filed? If so, please explain the details of who made the claim and the basis for the claim.

55. Have you or any member of your immediate family ever had any such claim made against you or against him or her regardless of whether or not a lawsuit was ever filed? If so, please explain the details of who made the claim and the basis for the claim.

56. Under the law, you may not rely on sympathy or prejudice in reaching your verdict. Are you able to disregard any sympathy or prejudice you may have concerning the parties in this case, and base
your verdict on the evidence presented?

57. Under the law, the plaintiff bears the burden of proof. As a consequence, the plaintiff is entitled to go first in presenting an opening statement, presenting his evidence, and making

5

a closing argument. Are you able to maintain an open mind until you have heard the statements, evidence, and arguments of all parties?

58. If the plaintiff fails to meet her burden and prove her case, is there anyone who believes that they could not return a verdict for Bard even though they might feel sympathy for the plaintiff? If so, please raise your hand.

59. If you are chosen to be a juror, and while jury selection is in process, you are not permitted to read or listen to any media or Internet coverage of this case and related subjects until this case is over. Will everyone be able to follow these restrictions in light of the fact that this trial will last up to weeks?

60. If you are chosen to be a juror, and while jury selection is in process, the Court will instruct you that you will not be able to blog, tweet, post on Facebook or other social networks, talk about, or otherwise communicate anything about this case until this case is over. Is there any reason why any member of the panel cannot follow this instruction?