IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER R. COKER,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC.,<br><br>Defendants. | Civil Action No.<br>1:13-CV-00515-TWT<br><br>**Plaintiff's Motion in Limine and Memorandum in Support to Exclude Descriptions of Filters as "Lifesaving" or "Life-Extending" Devices**<br><br>**Oral Argument Requested** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE DESCRIPTIONS OF FILTERS AS "LIFESAVING" OR "LIFE-EXTENDING" DEVICES**

Plaintiff moves in limine for an Order precluding evidence and argument relating to Bard's IVC Filter devices as "lifesaving" or "life-extending" devices. Such arguments go beyond the indications of the device, and any such testimony or argument is not relevant to whether Defendants failed to effectively warn Plaintiff's treating physicians as to the risks of its filter. Even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 401, 402, 403.

1

In similar litigations regarding products used to prevent bone loss in patients whose cancer metastasized to their bones, the plaintiffs filed motions in limine to prevent the defense from describing the drugs or their benefits as a "wonder drug," "miracle drug," "prolongs life," "extends life," or "cures cancer." *Stanley v. Novartis Pharm. Corp.*, 2014 WL 12573393, at *12 (C.D. Cal. May 6, 2014); *accord Georges v. Novartis Pharm. Corp.*, 2013 WL 5217198, at *14 (C.D. Cal. Apr. 4, 2013) (quoting *Bessemer v. Novartis Pharmaceuticals Corp.*, No. MID–L–1835–08–MT (N.J. Sup. Ct. Law Div. June 11, 2010) (unpub. order)). Courts granted these motions and prevented the defense from so describing its drugs. Such arguments and opinions are both unverifiable and subjective, rendering the probative value of these opinions limited at best – they certainly offer no insight into or support of the efficacy of Bard's IVC filter's implanted in Ms. Coker. *See, e.g., Stanley,* 2014 WL 12573393, at *12.

For the same reasons, Bard should not be allowed to describe its IVC filters as "life-saving" devices or any variation of its "filters save lives" defense. IVC filters are designed to prevent blood clots from traveling from the lower extremities of the body through the heart and to the lungs. Any other presumed benefit of IVC filters is speculative and outside the scope of the product's Instructions for Use. Suggesting "filters save lives" is no different than the other products-liability defendants stating

that its' product prolongs or extends life; these are subjective opinions. *See Stanley,* 2014 WL 12573393, at *12; *Georges*, 2013 WL 5217198, at *14 (holding that defendant "may not offer unverifiable, subjective opinions from its experts, such as Aredia or Zometa is a 'wonder drug,' 'miracle drug,' 'prolongs life,' 'extends life,' or 'cures cancer.'"). As the *Georges* Court noted, "[t]he probative value of these opinions is limited because the opinions offer no insight into the [products'] efficacy, and the risk of prejudice is high because the claims have not been proven." *See Stanley,* 2014 WL 12573393, at *12 (C.D. Cal. May 6, 2014).

There is no evidence in this case that Ms. Coker's IVC filter saved her life or even stopped a clot from traveling to her heart or lungs. Any suggestion that these devices are "life-saving" is more prejudicial than probative in the case at bar in which the issue is whether Defendants failed to effectively warn Plaintiff's physicians of the risks of its filter and should be excluded from the trial.

RESPECTFULLY SUBMITTED this 3rd day of May, 2022.

/s/ Kimberly W. Grant
Wayne Grant, Esq.
GA Bar No. 305550
Kimberly W. Grant
GA Bar No. 591510
GRANT LAW OFFICE
Monarch Tower, Suite 2200
3424 Peachtree Road, NE
Atlanta, GA 30326
Telephone: (404) 995-3955
Facsimile: (404) 465-3636
wgrant@waynegrant.com
kgrant@waynegrant.com

/s/ Willard T. Bullock
Willard T. Bullock, Esq.
GA Bar No. 094598
BULLOCK LAW FIRM, P.C.
Monarch Tower, Suite 2200
3424 Peachtree Road, NE
Atlanta, GA 30326
Telephone: (404) 913-8383
Facsimile:  (404) 465-3636
wbullock@bullocklawfirmpc.com

/s Ramon R. Lopez
Ramon R. Lopez, Esq.
CA Bar No. 86361
rlopez@lopezmchugh.com
Joshua M. Mankoff, Esq.
PA Bar No. 210242
jmankoff@lopezmchugh.com
LOPEZ MCHUGH LLP
120 Vantis Drive, Suite 430
Aliso Viejo, CA 92656
Telephone: (949) 737-1501
Facsimile:  (949) 737-1504
*Counsel for Plaintiff*

4

## Certificate of Compliance

In accordance with Local Rule 7.1D, this is to certify that this brief has been prepared with one of the fonts and points approved by the Court in LR 5.1B, i.e., 14 point, Times New Roman font, and that the brief does not contain more than 10 characters per inch of type.

This 3rd day of May, 2022.

/s/ *Kimberly W. Grant*
Kimberly W. Grant
Georgia Bar No. 591510
kgrant@waynegrant.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> */s/ Kimberly W. Grant*
> Kimberly W. Grant, Esq.
> GA Bar No. 591510
>
> *Counsel for Plaintiff*