**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER R. COKER,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>Defendants. | Civil Action No.<br><br>1:13-CV-00515-TWT |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PERSONAL TRAITS OF BARD'S CURRENT AND FORMER EMPLOYEES AND WITNESSES**

Plaintiff moves to exclude a scattershot of basic background information regarding Bard's witnesses, including testimony about witnesses' religious affiliation, "socioeconomic status, marital status, parental relationships, family health status, and children."[1] Plaintiff's motion is pulled from a nearly identical motion that was filed (and denied) in the first bellwether trial in the Bard IVC filter MDL, *Booker v. C. R. Bard, Inc., et al*. That motion is a particularly poor fit here, given that the "examples" cited in it are deposition testimony of Patrick McDonald,

[1] ECF No. 156 at 1.

<u>who is not a witness in this case</u>, and deposition testimony of Jack Sullivan, Daniel Orms,[2] and Bill Altonaga that neither party designated to be played at trial.

Bard opposes this motion in part. Bard agrees that ***no party*** should elicit information from any witness regarding their religion, religious beliefs, religious activities, or church membership or affiliation. Federal Rule of Evidence 610 (which Plaintiff did not cite) prohibits as much, stating that "evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." Bard will not designate or elicit such testimony. Plaintiff should also be prohibited from eliciting testimony regarding her or her witnesses' religious beliefs, religious activities, or church membership or affiliation.

Bard disagrees, however, that all the various types of background information the Plaintiff seeks to exclude is irrelevant and inadmissible. As Judge Campbell recognized when he denied this motion as moot in *Booker*, "[s]ome background information will be necessary to introduce witnesses to the jury."[3]

---

[2] Plaintiff cites to page 264, lines 8–17 of Daniel Orms's deposition as designated testimony, but Bard only designated lines 8–11. (*See* ECF No. 156 at 2).

[3] *Booker v. C. R. Bard, Inc. (In re Bard IVC Filters Prods. Liab. Litig.)*, No. MDL 15-02641-PHX DGC, 2018 U.S. Dist. LEXIS 24766, at *328 (D. Ariz. Feb. 15, 2018) (denying a nearly identical motion as moot).

Bard therefore asks the Court to deny this motion as moot to the extent it purports to exclude evidence that is barred by Rule 610 and to deny the motion to the extent it seeks to exclude any other permissible background testimony.

## I. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's motion seeks to exclude a wide variety of background testimony. Yet she cites no evidentiary rule or case law in support, and there is no basis for the Court to exclude such background testimony. Background testimony "is universally offered and admitted as an aid to understanding." FED. R. EVID. 401 advisory committee's note; *see United States v. Davis*, 779 F.3d 1305, 1309 (11th Cir. 2015) (recognizing that background information, namely where the witness works and job title, "almost always comes out" at trial); *Rodriguez v. Chertoff*, No. CIV05-546-TUC-CKJ, 2008 WL 4693395, at *5 (D. Ariz. Oct. 22, 2008) (observing that background testimony is "generally admissible to permit a witness to become comfortable and to introduce the witness to the jury"); *see also* 3 Litigating Tort Cases § 39:76 (Sept. 2021) ("Most examinations begin with an introduction of the witness to the jury, through questioning about the witness's background and relationship to the case.").

Here, Bard intends to elicit or designate some testimony that helps introduce its company witnesses to the jury. Such testimony will be limited to a few lines such

as, “Where did you grow up?” or, “Are you married?” Background testimony such as this is commonplace and serves to relax the witness and humanize him or her for the jury. Bard’s designation for Daniel Orms—the only testimony cited in Plaintiff’s motion that Bard actually designated for this trial—provides a good example of the type of permissible background testimony that Bard intends to introduce:

> Q: Do you have any children?
> A: Three kids.
> Q: Okay. Boys, girls?
> A: A girl twenty, a boy eighteen, girl fourteen.

Ex. B to ECF No. 156, Aug. 16, 2016, Dep. of Daniel Orms at 264:8–11. This basic background information is not offered to bolster the witness’s credibility, but simply to introduce the witness to the jury. There is nothing prejudicial, as Plaintiff contends, about someone’s marital status, or whether they have children. *See Post-Confirmation Comm. for Small Loans, Inc. v. Martin*, No. 1:13-CV-195 (WLS), 2016 U.S. Dist. LEXIS 195531, at *27 (M.D. Ga. Oct. 4, 2016) (holding that it is permissible to present “the witness’s general background information to the jury,” including “the number [of] children and their education”). And in some cases, there are compelling reasons to ask some background questions. For example, one of Bard’s witnesses, Andre Chanduszko, emigrated to the United States as a teenager and has a heavy Polish accent. English is his second language. Bard has designated some testimony regarding where he grew up and how he learned English to explain

to the jury his nationality and why he speaks with an accent. If the Plaintiff were successful in her motion, Bard would be precluded from doing so.

Plaintiff's real intent is to prevent Bard from personalizing its company witnesses to the jury. It is axiomatic that the Plaintiff's counsel will elicit personal information regarding the Plaintiff and attempt to paint her in a sympathetic light to the jury. Bard should not be prohibited from engaging in a few questions which tell the jury about their witness's backgrounds.

## II. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion. Bard agrees that neither side should elicit evidence barred by Rule 610, and so to the extent Plaintiff's motion purports to exclude such evidence it should be denied as moot. To the extent Plaintiff's motion seeks to exclude any other basic background testimony, it should be denied because there is no basis to exclude such testimony.

//

//

//

//

//

Dated May 10, 2022.

Respectfully submitted,

/s/ *Richard B. North, Jr.*

Richard B. North, Jr.
Georgia Bar No. 545599
Richard.North@nelsonmullins.com
Elizabeth C. Helm
Georgia Bar No. 289930
Kate.Helm@nelsonmullins.com
James F. Rogers (Admitted *Pro Hac Vice*)
Jim.Rogers@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

**Certificate of Compliance**

In accordance with Local Rule 7.1D, this is to certify that this brief has been prepared with one of the fonts and points approved by the Court in LR 5.1B, i.e., 14 point, Times New Roman font, and that the brief does not contain more than 10 characters per inch of type.

This 10th day of May, 2022.

/s/ *Richard B. North, Jr.*

Richard B. North, Jr.
Georgia Bar No. 545599
Richard.North@nelsonmullins.com