IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER R. COKER, <br><br> Plaintiff, <br><br> v. <br><br> C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., <br><br> Defendants. | Civil Action No. <br><br> 1:13-CV-00515-TWT |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO FAILURE RATES, COMPLICATION RATES, PERCENTAGES AND COMPARATIVE ANALYSIS OF INJURIES BEYOND THOSE PRODUCED IN COMPLAINT FILES**

Plaintiff filed a verbatim copy of the MDL plaintiff's Motion *in Limine* No. 5, filed in *Booker* on January 26, 2018. Bard explained in the MDL that the court ordered Bard to produce updated adverse event material in Case Management Order No. 2, and Bard produced the material for all failure modes, as ordered, in Bard's Responses and Objections to Plaintiffs' Second Requests for Production of Documents.[1] Thus, Judge Campbell decided that "Plaintiffs' motion *in limine* is

---

[1] Although the Plaintiff asserts that Bard produced only complaint files concerning death, perforation, tilt, fracture, and migration, Bard actually produced complaint

denied as moot. If Plaintiffs believe Defendants are using undisclosed evidence at any time during trial, they may object." *In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00474-PHX-DGC, 2018 WL 934795, at *2 (D. Ariz. Feb. 15, 2018). The MDL plaintiffs did not file a similar motion in any of the subsequent bellwether trials. *In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX-DGC, 2020 WL 5441292, at *13 (D. Ariz. Sept. 10, 2020) (detailing the history of the motions *in limine* and explaining "[t]he Court denied as moot the motion to exclude evidence and argument relating to failure rates, complication rates, percentages, or comparative analysis of any injuries that were not produced to Plaintiffs during discovery, as all such information was produced."). Here, again, the Plaintiff's Motion should be denied as moot.[2]

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's motion.

---

files regarding *all* failure modes, including, for example, pulmonary embolism causing death, recurrent pulmonary embolism, and hemorrhage.

[2] Bard reserves the right to object to the introduction of its complaint files, or to offer them as evidence, depending on the context. Bard, however, disputes the premise of the Plaintiff's instant motion that Bard only produced adverse event data for "death, perforation, tilt, fracture, and migration."

Dated May 10, 2022.                Respectfully submitted,

                                                 /s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Richard.North@nelsonmullins.com
Elizabeth C. Helm
Georgia Bar No. 289930
Kate.Helm@nelsonmullins.com
James F. Rogers (Admitted *Pro Hac Vice*)
Jim.Rogers@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

## Certificate of Compliance

In accordance with Local Rule 7.1D, this is to certify that this brief has been prepared with one of the fonts and points approved by the Court in LR 5.1B, i.e., 14 point, Times New Roman font, and that the brief does not contain more than 10 characters per inch of type.

This 10th day of May, 2022.

/s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Richard.North@nelsonmullins.com
