# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JENNIFER R. COKER,

    Plaintiff,

    v.

C. R. BARD, INC., and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.

Civil Action No.
1:13-CV-00515-TWT

**Pretrial Conference Requested
Pursuant to LR 16.4**

## THIRD AMENDED JOINT PROPOSED PRETRIAL ORDER[1]

1.

There are no motions or other matters pending for consideration by the court except as noted:

### The parties filed Motions in Limine:

| MIL Topic | Filing Party | DKT |
|---|---|---|
| Carr Bariatric Emails (I82MUCH, Carr buffet, and Jason Greer smoke/mirrors email) | Bard | 147 |
| FDA Warning Letters | Bard | 148 |

[1] **The Parties filed their AMENDED JOINT PROPOSED PRETRIAL ORDER at Doc. 121. and their SECOND AMENDED PROPOSED PRETRIAL ORDER at Doc. 140 to address matters addressed by the Court during the Pretrial Conference on February 9, 2022. All changes and additions to Doc. 121 and issues that were not discussed at the Pretrial conference are indicated in bold. The Third AMENDED PROPOSED PRETRIAL ORDER is filed to include the objections to deposition testimony pursuant to the Court's Order at Doc. 136.**

| MIL Topic | Filing Party | DKT |
|---|---|---|
| Garcia post-MDL report/general expert opinions | Bard | 149 |
| Migration Death | Bard | 150 |
| Rogers Moritz Stein | Bard | 151 |
| Dr. Singh's opinion on the strut in the ovarian vein | Bard | 152 |
| Family Members Having IVC Filters | Plaintiff | 153 |
| Adverse Impact of a Plaintiff's Verdict and Tort Reform | Plaintiff | 154 |
| Disability Benefits & Medical Insurance | Plaintiff | 155 |
| Personal Traits of Bard Employees and Former Employees | Plaintiff | 156 |
| Opinions of Trade Associations or Other Organizations Are Not Relevant | Plaintiff | 157 |
| Filters as Life-saving Devices | Plaintiff | 158 |
| Alleged Benevolent Activities | Plaintiff | 159 |
| Unrelated Medical Conditions | Plaintiff | 160 |
| Any Non-party at Fault | Plaintiff | 161 |
| Bard's Internal Rates | Plaintiff | 162 |
| Alleged Complaint or Failure Rates or the Medical Community At-Large Are Confusing, Misleading, and Unfairly Prejudicial | Plaintiff | 163 |
| Suspicion of Poisoning | Plaintiff | 164 |
| Number of Documents or Witnesses | Plaintiff | 165 |
| FDA Clearance and Lack of Enforcement | Plaintiff | 166 |
| Surgeon General Call to Action | Plaintiff | 168 |

**The Plaintiff respectfully requests that a hearing be held on the Motions in Limine prior to the start of trial as multiple video deposition excerpts will need to be edited depending upon the ruling of the Court, it will determine which**

**documents are admissible, which witnesses need to be called, and, most importantly, it will allow for the trial to move expeditiously.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

Discovery is complete.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non joinder of any parties.

As the Court confirmed in its Order on Defendants' Motion for Summary Judgment in the case, Plaintiff Joel Coker withdrew his loss of consortium claim and his claims are dismissed. (Doc. 116). Consequently, the only Plaintiff in this case is Jennifer Coker.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

The parties agree that the court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. § 1332 because this dispute is between citizens of

different states and the amount in controversy exceeds $75,000.00. Plaintiff Jennifer

Coker is a citizen and resident of the State of Georgia. Defendant C. R. Bard, Inc. is

a citizen of New Jersey, and Defendant Bard Peripheral Vascular, Inc. is a citizen of

Arizona. The parties note that this case was remanded from *In re Bard IVC Filters*

*Products Liability Litigation*, MDL 2641, then pending in the District of Arizona.

Prior to remanding this case, the MDL Court tried three bellwether cases, including

two cases applying Georgia law: *Booker v. C. R. Bard, Inc., et al.*, MD-15-02641-

PHX-DGC and *Jones v. C. R. Bard, Inc., et al.* MD-15-02641-PHX-DGC.

(Plaintiff's counsel notes that neither of those cases involved the particular Bard IVC

filter involved in this case (the Recovery filter).) The original MDL remand order

case was entered on this Court's docket on July 8, 2019.  [ECF No. 74, Exhibit A.]

5.

The following attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Wayne Grant, Grant Law Office, Monarch Tower, Suite 2200, 3424 Peachtree Road, NE, Atlanta, GA 30326.

Defendants:  Richard North, Nelson Mullins Riley & Scarborough LLP, 201 17th Street NW, Suite 1700, Atlanta, GA 30363.

Other Parties: (specify):  None.

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

The Parties agree that Plaintiff is entitled to open and close arguments to the jury.

7.

The captioned case shall be tried (X) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

Defendants request that the trial be bifurcated pursuant to O.C.G.A. § 51-12-51.1(d).

For clarification only, Plaintiff requests that the jury decide liability, amount of compensatory damages, and liability for punitive damages in the first phase, and the amount of punitive damages in the second phase.

9.

Attached hereto as **Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

10.

Attached hereto as **Attachment "B-1"** are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as **Attachment "B-2"** are the general questions which defendants wish to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

The defendants object to the first question in the plaintiff's proposed voir dire, because it is argumentative and improperly invites the prospective jurors to define a manufacturer's legal duty.

**Plaintiff's Note:  Plaintiff's question 1 is seeking information about a juror's expectations, not legal duties, and is posed to evaluate jurors' leanings, prejudices, or biases in an area of relevance in order to form a rational basis for the exercise of a challenge.**

State any objections to defendant's voir dire questions:

Plaintiff does not have any objections to Defendants' voir dire questions.

State any objections to the voir dire questions of the other parties, if any:

N/A

## 12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**The case will be tried before a jury of twelve (12) pursuant to the Court's ruling on February 9, 2022 (Transcript page 9 lines 10-11).**

## 13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

This case was remanded from the *In re Bard IVC Filters Products Liability Litigation*, MDL 2641**,** and while many of those cases have been resolved, there are numerous other remanded cases involving Bard's IVC filters pending in other state and federal courts across the country. Several of the remanded cases were tried to verdict in 2021.

14.

Attached hereto as **Attachment "C"** is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as **Attachment "D"** is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as **Attachment "E"** are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

## **OTHER STIPULATIONS**

The parties stipulate to matters, as noted below, and stipulate that they will not comment on, refer to, introduce, or attempt to elicit testimony or evidence of, or argue in the presence of the jury, whether directly or indirectly, including voir dire, except as noted below, any of the matters set forth below. If any party believes that any of these matters become relevant during trial, or to the extent either party opens the door on one of the issues set forth below, the other party may raise the issue with the judge outside the hearing of the jury.

1.     Certain References Regarding the Respective Party's Experts:

    A.     References to the number of times either party's experts' testimony has not been accepted by courts in other litigations or cases; and

    B.     References to this or other courts' rulings on admissibility of the parties' experts' testimony or opinions.

2.     Other Lawsuits, Trials, or Claims Against Defendants.

Evidence, testimony, or argument or references regarding other lawsuits or trials or testimony in other lawsuits or trials involving Bard IVC filters, other than referring to "previous testimony" or "prior testimony" if it is appropriate when questioning a witness, without

reference to when the testimony was given, that the testimony was part of a previous case or trial, or that a witness has given testimony on multiple occasion.

3.     References to Bard IVC Filters as Being "Approved" by the FDA:

This stipulation does <u>not</u> preclude Bard from stating or asserting that Bard IVC filters have been cleared by the FDA or that the Bard IVC filters could not be available to the public and on the market until the FDA provided permission.  The only purpose of this stipulation is to prohibit Bard from claiming that Bard IVC filters were "approved," in terms of going through the approval process reserved for Class III medical devices.

4.     Inferior Vena Cava Filters Generally Being the "Gold Standard."

5.     Any Motions in Limine, Motions To Exclude, or Daubert Challenges Made by Either Party.

6.     C. R. Bard, Inc.'s 1994 Criminal Conviction Regarding an Unrelated Product Line.

7.     C. R. Bard, Inc.'s or Bard Peripheral Vascular, Inc.'s Financial Status or Wealth during non-punitive-damages stage of trial.

8.    Claims, Theories, or Causes of Actions Dismissed or Withdrawn Prior

to Trial:

There will be no references to claims, theories, defenses, or causes of

actions dismissed or withdrawn prior to trial.

## STIPULATIONS AS TO DOCUMENTARY EVIDENCE

1)    **Documents produced by Defendants in the MDL and in this case and**

**are admissible without further proof of authenticity or foundation so**

**long as they are included on an Exhibit list submitted with Second**

**Amended Pretrial Order. (Defendants reserve all other objections).**

2)    **Plaintiff's medical records and bills are authentic and satisfy the**

**business records exception (Defendants reserve all other objections).**

17.

The legal issues to be tried are as follows:

**By Plaintiff:**

**For the record, Plaintiff respectfully objects to the Court's placing a 15-**

**hour trial limit for presentation of each parties' evidence and cross-**

**examination. This trial limits forces Plaintiff to be unable to present additional**

**viable theories of recovery to the jury, including, but not limited to Strict**

**Liability – Design Defect and Negligent Design. During the February 9, 2022**

**Pretrial Conference, the Court acknowledged as much. Plaintiff respectfully requests that the Court note Plaintiff's Standing Objection to this trial limit.**

- **Strict Liability – Failure to Warn:** Whether Defendants failed to adequately warn of the potential dangers arising out of the use of the Recovery® filter that it knew were reasonably foreseeable.

- **Negligent Failure to Warn:** Whether Defendants were negligent in the warning provided to Jennifer Coker's doctors about the risks of the Recovery® filter.

- **Proximate Cause**: Whether the conduct of Defendants proximately caused or contributed to cause Jennifer Coker's injuries.

- **Special Damages:** The amount of special damages that Jennifer Coker is entitled to recover for her injuries, including past and future medical bills, and costs of care.

- **Non-Economic Damages**: The amount of non-economic damages Jennifer Coker is entitled to recover including interference with normal living, interference with enjoyment of life, loss of capacity to labor and earn money, impairment of bodily health and vigor, fear of extent of injury, shock of impact, actual pain and suffering (past and future), mental anguish (past and future), and the extent to which the Plaintiff

must limit activities.

- **Punitive Damages:** Whether **Defendants' conduct is malicious, wanton, oppressive and/or shows that entire want of care which would raise the presumption of a conscious indifference to the consequences to support that** punitive damages should be imposed against Defendants to deter them from further wrongful conduct in the future and, if so, the amount of those damages.

**By Defendants**: Count III strict liability failure to warn, Count VIII negligent failure to warn, and Plaintiff's claim for punitive damages. (Doc. 105 at 17, 20, 22). The learned intermediary doctrine applies to Plaintiff's failure to warn claims.

**Whether Plaintiff's failure to warn claims based on Georgia law are preempted under § 360k(a) of the Food Drug and Cosmetic Act and/or the United States Supreme Court's conflict-preemption principles. See, Defendants' Answer (Doc. 4, page 7, Twenty-Fourth Defense).**

Defendants note that as to the determination of liability for punitive damages, the only question that the jury should be asked to determine in the first phase is whether they find by clear and convincing evidence that punitive damages should be awarded.

**Plaintiff's Note**: Although the learned intermediary doctrine may apply, Plaintiff contends that at the time the filter was implanted in her, Defendants were aware of product defects including the increased and higher risk of tilt, fracture, migration, and death associated with its filter compared to other filters on the market which were not communicated to her medical providers. Had Defendants adequately warned Plaintiff's healthcare providers of the risks associated with the filter, the healthcare providers acting as reasonably prudent healthcare providers would not have elected to use this particular filter to help prevent blood clots from traveling to her heart or lungs.

**Plaintiff objects to Defendants' statement that an additional issue exists as to whether Plaintiff's failure to warn claim is preempted under § 360k(a) of the Food Drug and Cosmetic Act and/or the United States Supreme Court's conflict-preemption principles. Even though Defendants alleged a preemption defense in their Answer, the deadline for filing dispositive motions in this case expired on August 20, 2020. If Defendants felt that this issue was dispositive of Plaintiff's failure to warn claim, they should have included it in their Motion for Summary Judgment (Doc. 90, et al.), but failed to do so. Plaintiff submits that Defendants' failure to assert this defense at that time, within the Court's deadline, constitutes a waiver of their right to do so at this time.**

**Furthermore, Defendants made this same preemption argument in the MDL bellwether case, *Booker v. C. R. Bard, Inc., et al.*, MD-15-02641-PHX-DGC, a case applying Georgia law. Judge David G. Campbell, who presided over the MDL, denied Defendants' motion. Defendants' appealed to the 9th Circuit Court of Appeals which upheld Judge Campbell's decision. *Booker*, 969 F.3d 1067 (9th Cir. 2020).**

18.

Attached hereto as **Attachment "F-1"** for the plaintiff **and Attachment "F-2"** for the defendant, **an amended** list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**The parties respectfully request that they be able to call witnesses who are unable to travel because of Covid restrictions or other obligations by Zoom or other video platform approved by the Court with notice to the Court and opposing counsel of the need to present the witness remotely.  Plaintiff requests 16 hours'**

**notice, Defendants request 24 hours' notice so that notice does not have to be given in the middle of the night.**

19.

Attached hereto as **Attachment "G-1"** for the plaintiff, **"G-2" for the defendant**, and "G3", etc. for all other parties are the **amended** typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Pursuant to the Court's Order Vacating Trial Date and Extending Deadlines (Doc. 136), the parties filed their respective deposition designations on April 15, 2022 (Doc. 142, Doc. 143, and Doc. 144).**

**Pursuant to the Court's Order Vacating Trial Date and Extending Deadlines (Doc. 136), the parties file their objections to deposition designations listed below as Attachment J-3.  Plaintiff's general objections are attached as J-1. Defendants' general objections are attached as J-2**.  Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

**Depositions designated by both parties:**

1. **William Cleary**
2. **Holly Glass**
3. **Jason Levy, MD (treating physician)**
4. **Mehdi Syed**
5. **Alex Tessmer (2 transcripts)**

6.      Natalie Wong
7.      Mary Edwards
8.      Carol Vierling

**By the Plaintiff[2]:**

1.      William Altonaga, MD
2.      Murray Asch, MD (2 transcripts)
3.      Brian Barry
4.      Christine Brauer, PhD
5.      Robert Carr (4 transcripts)
6.      David Ciavarella, MD (2 transcripts)
7.      Gary Cohen, MD
8.      Robert Cortelizzi
9.      Len DeCant
10.     David Dimmitt
11.     Chris Ganser
12.     Brooke Gillette
13.     Jason Greer
14.     Janet Hudnall
15.      Brian Hudson
16.      Sanjeeva Kalva, MD
17.     John Lehmann, MD
18.     John McDermott
19.      Mark Moritz, MD
20.     Daniel Orms
21.     Frederick Rogers, MD
22.     Gin Schulz
23.      Moni Stein, MD
24.      Doug Uelman (2 transcripts)
25.     John Van Vleet

[2] **Although there are many depositions from which Plaintiff has designated, many are short clips and, as set forth elsewhere in this Pretrial Order, many will be further reduced after the Court rules upon the parties' motions in limine, objections to depositions, and as the Plaintiff further hones her trial strategy. The Plaintiff is aware of the 15-hour trial limit and will abide by it.**

26.    **Allison Walsh**
27.    **John Weiland**
28.    **Steve Williamson**
29.    **Mark Wilson**

**By the Defendants:**

1.    **John DeFord PhD (2 transcripts )**
2.    **Stephanie Eaton, MD (treating physician)**
3.    **Shari O'Quinn** (2 transcripts)**
4.    **John Puskas, MD (treating physician)**
5.    **John Sparti, DO (treating Physician)**
6.    **Jack Sullivan**
7.    **Scott Trerotola MD**

**\*\* Defendants anticipate calling Ms. O'Quinn to testify live, but designate her testimony in the event she is not available.**

The Plaintiff respectfully requests that the Court issue rulings on the deposition objections (and motions in limine as requested in section 1 above) prior to the start of trial so that the video depositions can be edited in accordance with the Court's rulings and the trial can proceed expeditiously.

Defendants further request that no later than 36 hours before a witness is called and the video is played in Court, the party calling the witness provides opposing counsel for final review and approval (1) the final transcript of the deposition to be played, (2) the exhibits the party intends to introduce through the deposition testimony, and (3) the final edited video of the deposition to be played. In the IVC filter cases tried in 2021 this procedure was followed, and it

**prevented delays and mistakes in the videos.**

21.

Attached hereto as **Attachments "H-1"** for the plaintiff, **"H-2"** for the defendants, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**The parties reserve the right to file trial briefs to address issues that arise during the trial.**

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in **Attachment "I"** to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the

consideration of the court. **Attached as Attachment "I-1" is Plaintiff's proposed verdict form and Attachment "I-2" is Defendants' Proposed verdict form**.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**The Parties request 1 hour for opening statements and 1.25 hours for closing for each side.  This is a complicated case involving a medical device, and there will be many expert witnesses to discuss during closing argument.  The parties need time to explain the anatomy involved and the device.  The additional time in closing is necessary to address the numerous claims and extensive evidence anticipated to be introduced at trial**.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

N/A.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties **mediated this case on February 22, 2022** to discuss in good faith the possibility of settlement of this case. The court (        ) has  or  (X)  has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.
(_____) Some possibility of settlement.

( **X** ) Little possibility of settlement.
(_____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**At the February 9, 2022, Pretrial Conference, the Court stated that it would probably let this case work its way up to be the number one civil case on the docket (still as a backup to criminal cases) before calling the case to trial (transcript page 12, lines 8-10).**

28.

**Plaintiff and Defendants shall each have fifteen hours of evidence pursuant to the Court's ruling on February 9, 2022 (Transcript page 13, line 3). Plaintiff incorporates herein by reference her objection to the trial limit as set forth in 1, supra.**

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____ 2022.

_____
THOMAS W. THRASH, JR.
United States District Judge

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

DATED: This 13th day of May, 2022.

| Counsel for Plaintiff | Counsel for C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. |
|---|---|
| */s/ Wayne Grant* | |
| Wayne Grant, Esq. | */s/ Richard B. North, Jr.* |
| Georgia Bar No. 305550 | Richard B. North, Esq. |
| Kimberly W. Grant | Georgia Bar No. 545599 |
| Georgia Bar No. 591510 | James F. Rogers |
| GRANT LAW OFFICE | South Carolina Bar No. 50503 |
| Monarch Tower, Suite 2200 | (admitted pro hac vice) |
| 3424 Peachtree Road, NE | Elizabeth C. Helm |
| Atlanta, GA 30326 | Georgia Bar No. 289930 |
| Telephone: (404) 995-3955 | NELSON MULLINS RILEY & |
| Facsimile: (404) 465-3636 | SCARBOROUGH LLP |
| wgrant@waynegrant.com | 201 17th Street NW, Suite 1700 |
| kgrant@waynegrant.com | Atlanta, GA 30363 |
| | Telephone: (404) 322-6000 |
| */s/ Willard T. Bullock* | Facsimile: (404) 322-6050 |
| Willard T. Bullock, Esq. | richard.north@nelsonmullins.com |
| Georgia Bar No. 094598 | kate.helm@nelsonmullins.com |
| BULLOCK LAW FIRM, P.C. | |
| Monarch Tower, Suite 2200 | |
| 3424 Peachtree Road, NE | |
| Atlanta, GA 30326 | |
| Telephone: (404) 913-8383 | |
| Facsimile: (404) 465-3636 | |

wbullock@bullocklawfirmpc.com

*/s/ Ramon R. Lopez*
Ramon R. Lopez, Esq.
Joshua M. Mankoff, Esq. (Pro Hac
Vice pending)
LOPEX MCHUGH LLP
120 Vantis Drive, Suite 430
Aliso Viejo, CA 92656
Telephone: (949) 737-1501
Facsimile: (949) 737-1504
rlopez@lopezmchugh.com
jmankoff@lopezmchugh.com